In re Annie L. ROBINSON.

Wilson Nichols, Plaintiff,

v.

Annie L. Robinson, Defendant.

Bankruptcy No. 99–40697.
Adversary No. 00–1216.

United States Bankruptcy Court,
N.D. Mississippi.

Sept. 14, 2000.

Tracy Buster Walsh, Southaven, MS, for Debtor.

Locke D. Barkley, Jackson, MS, Chapter 13 Trustee.

## *ORDER*

DAVID W. HOUSTON, III, Bankruptcy Judge.

On consideration before the court are the following:

1. Master file:
   a. Motion to avoid judicial lien filed by the debtor, Annie L. Robinson (referred to hereinafter as "Robinson"); a response having been filed by judgment creditor, Wilson Nichols (referred to hereinafter as "Nichols").
   b. An objection, filed by Robinson, to a proof of claim filed by Nichols.
   c. A motion, filed by Robinson, to modify her Chapter 13 plan after confirmation; a response having been filed by Nichols.
2. Adversary Proceeding:
   A complaint, filed by Nichols, against Robinson to determine the secured status of his judgment claim.

And the court, having considered same, hereby finds, orders, and adjudicates as follows, to-wit:

## I.

The court has jurisdiction of the parties to and the subject matter of the aforementioned proceedings pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. These matters are core proceedings as defined in 28 U.S.C. § 157(b)(2)(A), (B), (K), and (O).

## II.

The following factual events are pertinent to the above listed proceedings:

1. On or about November 25, 1997, the debtor, Robinson, was given a check in the sum of $5,000.00 by Nichols to be used as a down payment on a mobile home to be acquired from Oakwood Mobile Homes, Inc., which was located in Alcorn County, Mississippi. Robinson altered this check, raising the amount to $8,330.00, and had the mobile home titled in her name rather than in Nichols' name. Robinson, who had previously been living with Nichols, had the mobile home moved to De-Soto County, Mississippi, where she now resides. According to the exhibits which were appended to the pleadings, Robinson apparently does not own the real property upon which the mobile home is located.

2. On November 28, 1998, Nichols initiated a lawsuit against Robinson in the Chancery Court of Marshall County, Mississippi. This lawsuit was transferred to the Chancery Court of Alcorn County, Mississippi, the aforementioned domicile of Oakwood Mobile Homes, Inc., which was named as a co-defendant along with Oakwood Acceptance Corporation.

3. On February 17, 1999, Robinson filed a Chapter 13 bankruptcy petition with this court. In her schedules, she failed to list Nichols as a creditor and also failed to disclose the existence of the pending chancery court litigation.

4. On April 14, 1999, Robinson's Chapter 13 plan was confirmed, but it also failed to include any mention or treatment of the contingent claim obviously existing in Nichols' favor.

5. On April 11, 2000, a consent judgment was entered in the Chancery Court of Alcorn County, Cause No. 99–0257(02), wherein Nichols was awarded judgment against Robinson in the sum of $8,330.00, together with interest accrued, or yet to accrue, at the rate of 8% per annum. The other defendants, Oakwood Mobile Homes, Inc., and Oakwood Acceptance Corporation, were dismissed from the cause of action.

6. On May 2, 2000, Robinson filed a motion to add Nichols as an additional creditor in her bankruptcy case. When no objections were filed

to this motion, Nichols was added as a creditor pursuant to an order entered on May 2, 2000. Robinson had previously indicated in her confirmed plan that she would pay a 100% distribution to unsecured creditors. As such, the Chapter 13 trustee filed a motion to allow Nichols' supplemental claim in the amount of $8,330.00 to be paid in full. Thereafter, Robinson filed the above listed motion to avoid Nichols' judicial lien, the objection to Nichols' proof of claim, and a second motion to modify her Chapter 13 plan after confirmation. Nichols submitted timely responses and also filed the above listed adversary proceeding.

### III.

As can be seen from the above factual litany, although Nichols' cause of action against Robinson clearly arose before the filing of this bankruptcy case, it did not ripen into a liquidated judgment until well over a year after the filing. Indeed, the judgment was entered, with the consent of Robinson, almost a year after her Chapter 13 plan was confirmed. Robinson obviously knew that Nichols' litigation was pending, as well as, that he had a contingent claim months before she filed her bankruptcy petition. For reasons unknown to the court, Robinson elected not to disclose the claim nor deal with the claim in her Chapter 13 plan. Nichols was added as a creditor only after the judgment was entered and enrolled. There are four factors, none of which standing alone is dispositive, which must be considered:

1. Nichols' claim against Robinson arose as a result of her fraudulent misconduct.
2. Robinson failed to disclose anything about this claim during the administration of her bankruptcy case until

after Nichols' judgment was entered.

3. Robinson consented to the entry of the judgment at a time when her bankruptcy case was still pending and her Chapter 13 plan of reorganization was still active.
4. Robinson initially consented to pay a 100% distribution to her unsecured creditors until Nichols' claim was added. Now, not only does she object to the consent judgment, she seeks to avoid Nichols' judgment lien to the extent that it impairs her exemptions, and she seeks to modify the distribution to unsecured creditors from 100% to 2%.

In the opinion of the court, Robinson has displayed a total lack of candor and good faith in dealing with this court in the administration of her bankruptcy case. As such, Nichols' judgment claim, which arose from Robinson's pre-petition conduct, but did not ripen into a non-contingent, liquidated claim until after the confirmation of Robinson's Chapter 13 plan, should not be administered or discharged in this bankruptcy case. It shall survive this bankruptcy case the same as if it had arisen post-confirmation. If Robinson takes exception with this conclusion, the court will then have no choice but to dismiss this bankruptcy case as having been filed and administered in bad faith.

The court would hasten to point out as a caveat to Nichols that the automatic stay remains enforceable as to property that is still considered property of this bankruptcy estate. In a Chapter 13 context, this specifically includes the salary of the debtor which is being earned post-petition to fund the Chapter 13 plan. See, 11 U.S.C. § 1306(a)(2). From a review of the schedules filed by Robinson, there appears to be no non-exempt, unencumbered assets to which Nichols' judgment could

attach. As such, in keeping with the provisions of 11 U.S.C. § 506(a), the judgment claim is an unsecured claim until Robinson's salary is freed from the protection of the automatic stay. This will occur when her presently confirmed Chapter 13 plan is completed.

In summary, the court concludes that the above listed proceedings should be decided as follows:

1.  Robinson's motion to avoid Nichols' judicial lien is hereby overruled.

2.  Robinson's objection to the proof of claim filed by Nichols is hereby overruled. In keeping with the aforementioned discussion, Nichols' judgment claim shall survive the administration of this bankruptcy case unimpaired, consistent with state law. It shall not be affected by Robinson's bankruptcy discharge. While the judgment claim appears to be unsecured at this time, it may be enforced against Robinson's earnings or assets acquired post-petition when her current Chapter 13 plan is completed and the automatic stay is fully lifted as to property of the bankruptcy estate.

3.  Robinson's motion to modify her Chapter 13 plan after confirmation is hereby overruled. Her confirmed plan which proposes to pay unsecured creditors 100% shall remain in effect. In the absence of an agreement between the parties, Nichols' claim shall not be treated through this plan.

4.  The adversary complaint filed by Nichols is rendered moot by virtue of the above decisions, and it is hereby dismissed. As noted above, Nichols' judgment claim shall survive this bankruptcy case unimpaired and shall be enforceable in keeping with state law immediately upon the completion of Robinson's currently confirmed Chapter 13 plan.